UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RIVER MOUNTAIN, INC.

Case No.
Chapter 11

Debtor.

_____/

## DEBTOR'S APPLICATION TO EMPLOY MCINTYRE, PANZARELLA THANASIDES ELEFF & HOFFMAN, P.L. AS COUNSEL

BIG TOY STORAGE HOLDING COMPANY, LLC, a North Carolina CORPORATION, as debtor and debtor-in-possession ("Debtor"), hereby files its Application to Employ McIntyre, Panzarella, Thanasides Eleff & Hoffman, P.L. (the "MPT Firm"), as Debtor's counsel (the "Application"), and respectfully represents that:

1. On April 12, 2010, Debtor filed its Voluntary Petition (the "Petition") proposing reorganization under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Debtor has continued to operate and manage its property as debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

3. The Official Committee of Unsecured Creditors has not been appointed at this time pursuant to Section 1102 of the Bankruptcy Code

4. Debtor wishes to employ the MPT Firm, attorneys duly admitted to practice in this Court. Debtor has paid a non-refundable retainer of $25,000.00 to the MPT Firm to fund the filing of the Debtor's Petition and related matters. Debtor has agreed to pay the MPT Firm fees and costs on a monthly basis subject to court approval.

5. Debtor has selected the MPT Firm because it has considerable experience in matters of this nature, and Debtor believes that said attorneys are well-qualified to represent it as debtor-in-possession in this proceeding.

6. The professional services to be rendered by said attorneys include:

   a. rendering legal advice with respect to Debtor's powers and duties as debtor-in-possession, the continued operation of its business and the management of its property;

   b. preparing on behalf of Debtor any necessary petitions, motions, applications, answers, orders, reports, and other legal papers;

   c. appearing before this Court and the United States Trustee to represent and protect the interests of the Debtor;

   d. assisting with and participating in negotiations with creditors and other parties in interest in formulating a plan of reorganization, drafting such a plan and a related disclosure statement, and taking necessary legal steps to confirm such a plan;

   e. representing Debtor in any negotiations with potential financing sources, and to prepare any contracts, security instruments, or other documents necessary to obtain financing;

   f. representing Debtor in all adversary suits, contested matters and matters involving administration of this case;

   g. taking any necessary action to recover any voidable transfers and to avoid any liens against Debtor's property obtained within ninety (90) days of the filing of the petition in Chapter 11 and at a time when Debtor was insolvent;

   h. enjoining or staying any and all suits against the Debtor affecting the debtor-in-possession's ability to continue in business or affecting property in which the Debtor has equity;

   i. performing all legal services for Debtor, which may be necessary for the proper preservation and administration of this Chapter 11 case.

7. It is necessary for the Debtor as debtor-in-possession to employ attorneys to perform the above-mentioned services.

8. Except as otherwise set forth in the Affidavit of Richard J. McIntyre, attached hereto and incorporated herein by reference as *Exhibit "A,"* the MPT Firm does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be employed by the Debtor. The employment of the MPT Firm is in the best interest of the estate.

**WHEREFORE**, Debtor respectfully requests that this Court enter its order:

A. Approving this Application and authorizing Debtor to employ the MPT Firm and its attorneys as bankruptcy counsel for all purposes set forth in this Application;

B. Alternatively, if the Court finds that conflicts exist so as to preclude the MPT Firm employment for the purposes set forth herein, then authorizing Debtor to employ the MPT Firm as special counsel to represent Debtor in all adversary proceedings and contested matters; and

C. Providing such other and further relief as is just.

Dated this 12th day of April, 2010.

**RIVER MOUNTAIN, INC**
a North Carolina Corporation

By: _____
Rupert Graham Creech, Jr., President